Corday R. WHITFIELD, Plaintiff,

v.

CENTURY 21 REAL ESTATE CORPO-
RATION et al., Defendant.

Civ. A. No. H–77–1825.

United States District Court,
S. D. Texas,
Houston Division.

Dec. 13, 1979.

Shelvin L. Hall, Houston, Tex., for plain-
tiff.

Brian S. Greig, Fulbright & Jaworski,
Austin, Tex., Anson D. Phipps, Lucas &
Hudson, Houston, Tex., Everett E. Hart-
nett, Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

CIRE, District Judge.

Defendant, Century 21 Real Estate Cor-
poration, ("Century 21"), has moved for re-
consideration of this Court's prior order (per
Cowan, J.), denying summary judgment.
Century 21 asserts that subsequent factual
developments and recent decisions now
show that it is entitled to judgment as a
matter of law.

The Plaintiff's claim is one for racial dis-
crimination in housing brought under the
Fair Housing Act of 1968, 42 U.S.C. § 3601,
et seq., and the Civil Rights Act of 1866, 42
U.S.C. § 1982. Century 21 contends that
the Plaintiff's complaint is subject to dis-

missal because the Fair Housing Act claim was not timely filed and because the § 1982 claim has been improperly founded upon the doctrine of respondeat superior.

The contention made by Century 21 that it may not be held liable to the Plaintiff for any alleged housing discrimination under an agency theory necessitates an inquiry into this Defendant's exact relationship to the Plaintiff and to the other named Defendants herein.

Century 21, movant for summary judgment, is a California corporation with its principal and only office in California. Century 21 granted an exclusive right to license or use the Century 21 name, trade mark, and trade secrets in a defined territory in Texas to Defendant, Century 21 of Texas, Inc., ("Century 21-Texas"). Century 21-Texas then granted a franchise to operate a real estate brokerage office at a specific location in Missouri City, Texas, to Century 21 Homefinders-Fort Bend, Inc., ("Century 21-Fort Bend").

The license agreement and the franchise agreement each contain provisions stating that the licensee or the franchisee is an independent contractor; that the agreements shall not be construed in any way so as to create an agency relationship, a partnership, or a joint venture between the parties; and that neither party shall act as agent of the other, nor guarantee the obligations of the other, nor in any way become obligated for the debts or expenses of the other unless so agreed in writing.

The Plaintiff's dealings with respect to the sales transaction in question were exclusively with Defendant, Jeffrey Ball, the real estate agent for the property owners, Defendants, Robert W. and Karen Weber. In his Complaint and in his Answers to Interrogatories, the Plaintiff refers to Defendant, Jeffrey Ball, as simply "the Century 21 employee." In his Memorandum Response to the first motion for summary judgment filed by the Defendants, the Plaintiff alleged that issues of fact existed as to the nature of the relationship between the various defendants. A fact issue does remain with respect to Jeffrey Ball's exact relationship to Century 21-Fort Bend and to Century 21-Texas. However, the absence of any type of relationship whatsoever between Jeffrey Ball and Century 21 has been clearly established through the license and franchise agreements, as corroborated by the uncontroverted affidavit of a Senior Vice President of Century 21, Mr. William McQuerry. The affidavit states that Century 21 has never employed Jeffrey Ball, nor has it ever authorized him to act as its agent and that Century 21 maintains no control over the relationship, if any, between Jeffrey Ball and Century 21-Fort Bend.

Imputed or vicarious liability theories have been upheld in housing discrimination cases brought under both 42 U.S.C. § 3601, et seq., and 42 U.S.C. § 1982. *Marr v. Rife*, 503 F.2d 735 (6th Cir. 1974); *United States v. Northside Realty Associates, Inc.*, 474 F.2d 1164 (5th Cir. 1973); *Harrison v. Otto G. Heinzeroth Mortgage Co.*, 430 F.Supp. 893 (N.D.Ohio 1977); *Zuch v. Hussey*, 394 F.Supp. 1028 (E.D.Mich.1975). In each of these cases, a corporate defendant was held responsible for the discriminatory conduct of its own officer, agent, or employee. A finding that the agent or employee acted with the corporate defendant's approval or at his specific direction is not necessary to hold the owner liable where the owner has been found to have the power to control the acts of his agents or employees. *Marr v. Rife, supra.* Imputed liability may be found where the license of the real estate broker or agent inures to the benefit of the corporation and enables it to engage in the business of selling real estate. *United States v. Northside Realty Associates, Inc., supra.* The acts of the sales agent or employee clearly carried out within the scope of his employment and for the benefit of the corporate employer are properly imputed to the corporate defendant. *Northside Realty Associates, Inc. v. United States*, 605 F.2d 1348 (5th Cir. 1979).

In an opinion decided subsequent to this Court's prior order denying motion for summary judgment to Century 21, the Fifth Circuit refused to hold a development com-

pany responsible for the discriminatory conduct of its real estate sales agency's vice-president and sole shareholder where the real estate agency acted on behalf of the development company in connection with the purchase and sale of unimproved lots. *Dillon v. AFBIC Development Corp.*, 597 F.2d 556 (5th Cir. 1979). The Court termed the developer's involvement in the discriminatory practices "minimal" and emphasized and relied on the developer's lack of control over the discriminatory marketing efforts. The Fifth Circuit felt that the vicarious liability theory did not apply unless there existed a "relationship between the owner of both legal and equitable title to the real estate and a sales or rental agent." *Id.* at 563.

In *Wheatley Heights Neighborhood Coalition v. Jenna Resales Co.*, 447 F.Supp. 838 (E.D.N.Y.1978), a defendant, the Multiple Listing Service of Long Island, Inc., ("MLS"), was found free of liability for the conduct of its participating brokers where the brokers were not acting on behalf of, or for the benefit of MLS and MLS neither exercised control over their conduct nor received a share of commissions earned on sales of listed properties.

■ As licensor, Century 21 receives a certain percentage of the gross receipts of the licensee, Century 21-Texas, which are in turn derived from a percentage of the gross income received from its franchisees, such as the Defendant, Century 21-Fort Bend. While the license gives Century 21 the right to exercise a certain amount of control over Century 21-Texas, including the right to conduct annual audits, there is no provision for any direct input into the marketing activities of the various real estate franchises granted by the licensee. Century 21's overall success is certainly dependent upon the success of Century 21-Texas and its franchisees, however, the requisite intent to benefit, necessary to equate an agent's action with that of the corporation, does not exist herein. See *Standard Oil Co. v. United States*, 307 F.2d 120 (5th Cir. 1962).

The requisite element of control is likewise absent herein. Century 21 holds no real estate license in the State of Texas and maintains no control over the marketing activities of franchisees and their agents or employees. As with the corporate defendant in *Dillon v. AFBIC Development Corp., supra*, Century 21's involvement is minimal and it has not reserved for itself the authority to supervise or control the marketing activities of those defendants who are alleged to have engaged in discriminatory housing practices.

The Fair Housing Act and § 1982 are independent statutory remedies for civil actions involving private racial discrimination and are to be treated as tort actions. *Id.*, at 561–562. The lack of a proper basis for imputing liability to the Defendant, Century 21 Real Estate Corporation, applies to claims brought under either statute. See *Marr v. Rife, supra; Dillon v. AFBIC Development Corp., supra;* and *Wheatley Heights Neighborhood Coalition v. Jenna Resales Co., supra.* Therefore, it is unnecessary to consider Century 21's contention that the Plaintiff's Fair Housing Act claim was untimely filed.

Based upon the foregoing, it is ORDERED that the Motion for Summary Judgment of Defendant Century 21 Real Estate Corporation be GRANTED and that Judgment be entered dismissing Century 21 Real Estate Corporation as a Defendant in this action.